IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

TIMOTHY WOODS                                                                                    PLAINTIFF

v.                                                                                     No. 4:16CV81-SA-SAA

TIMOTHY MORRIS, ET AL.                                                                     DEFENDANTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Timothy Woods, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case will be dismissed for failure to state a claim upon which relief could be granted.

**Allegations**

The plaintiff alleges that on July 29, 2015, Deputy Warden Andrew Mills issued a Rule Violation Report for Possession of Major Contraband (a cell phone), alleging that he found a cellular phone on the plaintiff's mattress. The time of drafting was listed on the Rule Violation Report as 3:07 a.m. Guards conducted a shakedown of the plaintiff's housing unit (29-C Building at the Mississippi State Penitentiary) that day at about 5:00 a.m., and the Rule Violation Report was actually issued at 9:28 a.m. The plaintiff notes that the Rule Violation Report appears to have been drafted *before* the alleged infraction occurred. Investigator Jones took the plaintiff's statement on August 18, 2015, and the plaintiff requested in writing for assistance in pulling the records necessary to defend against the allegations in the Rule Violation Report. He never received assistance, and at the hearing on October 16, 2015, the hearing officer never read any of the plaintiff's written statements or other evidence he offered in defense. The hearing officer found the plaintiff guilty based upon the reporting officer's

statement and imposed a punishment of 180 days loss of canteen privileges and a recommendation that Woods be placed in the restrictive "cell phone unit." The plaintiff's appeals were rejected, and he now seeks relief in this court under 42 U.S.C. § 1983.

## No Violation of Due Process

Under the ruling in *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995), the plaintiff has not set forth a valid claim for violation of the Due Process Clause or any other constitutional protection. Though "[s]tates may under certain circumstances create liberty interests which are protected by the Due Process Clause, . . . these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* 115 S. Ct. at 2300 (citations omitted). In *Sandin*, the discipline administered the prisoner was confinement in isolation. This discipline fell "within the expected parameters of the sentence imposed by a court of law," *id*. at 2301, and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Id*. Therefore, neither the Due Process Clause itself nor State law or regulations gave rise to a liberty interest providing the procedural protections set forth in *Wolff v. McDonnell*, 418 U.S. 539, 41 L. Ed. 2d 935 (1974). *See also Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (holding prisoner's thirty-day loss of commissary privileges and cell restriction due to disciplinary action failed to give rise to due process claim).

In the present case, the plaintiff's punishment was 180 days loss of canteen privileges and a recommendation that he be placed in the restrictive "cell phone unit." Such punishment clearly "within the expected parameters of the sentence imposed by a court of law" and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest."

*Sandin*, 115 S.Ct. at 2301. As such, the plaintiff's allegations regarding violation of his right to due process are without merit, and the instant case will be dismissed for failure to state a claim upon which relief could be granted.

**SO ORDERED**, this, the 9th day of August, 2016.

                                         **/s/ Sharion Aycock**
                                         **U.S. DISTRICT JUDGE**